John R. WYSS, individually and as guardian Ad Litem of James Russell Beamer Wyss, Plaintiff—Appellant,

and

James Russell Beamer Wyss, a minor, Plaintiff,

v.

CITY OF HOQUIAM, a municipal corporation; et al., Defendants— Appellees.

No. 04–35020.

D.C. No. CV–02–05529–JKA.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

John R. Wyss, Seattle, WA, pro se.

Jeffrey S. Myers, Law Lyman Daniel Kamerrer & Bogdanovich, Olympia, WA, Steven Ross Johnson, City Attorney, Hoquiam, WA, Craig P. Campbell, Karr

Tuttle Campbell, Seattle, WA, for Defendants–Appellees.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM**

John R. Wyss appeals pro se the district court's decision denying his motion for summary judgment and granting Defendants–Appellees' ("the City") motion for summary judgment in this 42 U.S.C. § 1983 action. Wyss contends that the district court erred in determining that the City did not "depriv[e] [him] of home and property without compensation," provided adequate procedural due process, and did not effect an unconstitutional "physical invasion and total taking of [his] property for public benefit without compensation." We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order granting summary judgment, viewing the facts in the light most favorable to the nonmoving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). We affirm.

Wyss asserts that he is entitled to compensation for damages resulting from the order to vacate and the severance of electrical service because he was deprived of property without due process. He contends that he was entitled to a hearing before being ordered to vacate his home because there was no emergency present. Multiple expert declarations in the record clearly demonstrate Wyss's home was a nuisance likely to seriously injure occupants or visitors. His own conclusory dec-

laration fails to raise a genuine issue of material fact in this regard.

The City exercised its police power in ordering Wyss's home vacated and the electricity disconnected. When immediate action is necessary to protect the public interest, such as when an unsafe nuisance is present, a hearing is not necessary prior to the exercise of police power as long as adequate post-deprivation procedural safeguards exist. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1989). There were adequate post-deprivation safeguards here because Wyss was provided a hearing before the Hoquiam Building Code Council, as well as the opportunity to appeal the Council's decision within twenty-one days. Wyss participated in the hearing, but failed to appeal within twenty-one days. The district court properly determined that the City did not violate Wyss's constitutional right not to be deprived of property without due process.

Wyss also contends that the City effected a Fourth Amendment seizure or a Fifth Amendment taking of his "home and property." The record does not support these contentions. As described above, to the extent that Wyss's home itself arguably was seized, it was a reasonable exercise of the City's police power based on the unsafe condition of the building. *See Conner v. City of Santa Ana*, 897 F.2d 1487, 1493 (9th Cir.1990) (holding that the seizure of nuisance vehicles was within the police power). An unconstitutional taking occurs when a property owner is deprived of all reasonable use of a property, including any use that may be less profitable or beneficial than desired. *Am. Sav. and Loan Ass'n v. County of Marin*, 653 F.2d 364, 368 (9th Cir.1981). A property owner is not entitled to the highest or best use of his property when it would conflict with a valid exercise of the police power. *Id.*

Wyss's home was ordered vacated and demolished, but the use of his land was not otherwise restricted. Wyss was given the option at the council hearing to repair his home, and his land remains usable regardless of the demolition of his home.

The district court correctly determined as a matter of law that Wyss is not entitled to recover damages against the City in this § 1983 action.

**AFFIRMED.**